# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

THE PRUDENTIAL INSURANCE                                    PLAINTIFFS
COMPANY OF AMERICA

v.                                                          NO. 3:24-cv-384-BJB

JORDAN HENNING AND                                          DEFENDANTS
JOHN T. WILLIAMS

* * * * *

## ORDER ADOPTING REPORT AND RECOMMENDATION

In this interpleader case, the Court previously granted John T. Williams' motion for summary judgment on his cross-claims against Jordan Henning. DN 44. In short, this ruling recognized Williams' entitlement to the life-insurance benefits from the death of his cousin Ashley Henning, whose then-husband Jordan Henning is now serving time in prison for his wife's death. Henning is also a Defendant in this case, but didn't contest the superiority of Williams' claim to the proceeds. Consistent with that summary-judgment order, Williams moved for the disbursement of the interpleaded funds paid into the Court by Prudential, the insurer and interpleader Plaintiff. DN 45. The Court asked for a report and recommendation on the motion from Magistrate Judge Lindsay, who was already handling a motion for an attorney's lien (DN 35) filed by the Richard M. Breen Law Offices.

Breen then clarified that it *agreed* that the interpleaded funds should be disbursed to Williams. Rather than asking the Court to enforce an attorney's lien against Williams' lawyer (Greg Redden, who'd by then left the Breen firm), Breen asked that the lawyer's new firm merely hold the disputed amount in escrow.

Judge Lindsay agreed and recommended that the Court grant Williams' motion for disbursement (DN 45) and deny the Breen Law Office's prior motion (DN 35) as moot. Report & Recommendation (DN 48) at 3–4.

No party has objected to the Report and Recommendation. So the law allows this Court to adopt it without review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has reviewed Judge Lindsay's conclusions and finds no error in them. So the Court adopts the Report and Recommendation (DN 48), incorporates it by reference as part of this order, denies Breen's motion to enforce an attorneys' lien (DN 35), grants Williams's motion for the disbursement of funds (DN 45), and orders the disbursement of the $500,000 in interpleader funds (plus accrued interest) to Williams through his attorney's law firm, DeCamillis & Mattingly. Consistent with Judge Lindsay's order, the Court further orders DeCamillis & Mattingly to hold

all disputed attorneys' fees in escrow until the resolution of Redden's fee dispute with the Breen law firm.